ISABELLE R. COFFIN *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

AUGUST 13, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for certiorari to review the decision of the zoning board of review of the city of Providence granting an application for an exception or

variation under the zoning ordinance of said city to permit the applicant to erect an extension of or addition to its present building located at 235 Benefit street in said city. Pursuant to the writ all pertinent records have been certified to this court.

The Rhode Island College of Pharmacy and Allied Sciences, hereinafter referred to as the applicant, is the owner of certain premises at 41 Waterman street in said Providence, being described as lots numbered 215, 248 and 429 on plat No. 12 of the tax assessors of that city. On August 13, 1952 the said college filed with the respondent zoning board of review, called the board, an application for an exception or variation under the zoning ordinance for permission to have the area and yard regulations modified in connection with the proposed erection of a two-story addition 52 by 146 feet to the present college building.

The application was based on section 92 of the zoning ordinance, which provides for the granting of an exception or variation. At a hearing thereon witnesses appeared for the applicant and for the objectors, who are the owners of lot 214 on the same plat. Such lot is contiguous to lot 429 which is owned by the applicant. Thereupon the board granted the application upon the express condition that the proposed addition to the existing building "shall not be nearer than 10 feet for the width of lot 214 on assessor's plat 12 * * *."

The petitioners contend that the decision of the board was erroneous in that no findings and no basis or reasons for said decision appear in the decision, resolution or minutes of said board; that the board did not make a full report as required by section 91 of the zoning ordinance; that there is no evidence in the record to support such decision; that the board acted arbitrarily and abused its discretion in granting the application; and that the board exceeded its jurisdiction by disregarding the provisions of section 27 (6) of the ordinance forbidding the erection of a building "within

thirty feet (30′) of the boundary line of a lot owned by others in an R Zone."

The petitioners' complaint that the board failed to give any reason for its decision is justified. The parties and this court are entitled to know the reasons for the board's decision in order to avoid speculation, doubt and unnecessary delay. Unless a zoning board complies with this requirement it runs the risk of reversal if this court is unable to find from the record that there were good and sufficient grounds for the decision in question. *Petrarca* v. *Zoning Board of Review*, 78 R. I. 130. In the instant case, however, the *undisputed* facts in evidence show the board's reasons sufficiently so that we may perform our duty and be justified in overlooking this infirmity in the decision.

It is apparent from the application and the decision that the applicant sought and the board granted an exception from the area and yard regulations of the ordinance. It is stated in the application that the proposed building addition does not comply with the area and yard regulations for an R 4 zone. It also appears in the published notice of the hearing on the application that it was "For permission to have the area and yard regulations modified in the proposed erection of a two story addition 52′ x 146′ to present college building." And the application is so described in the decision of the board.

Under the ordinance, exceptions to yard regulations, appearing in section 73 A, provide that "Where the yard regulations cannot reasonably be complied with or their application determined on lots of peculiar shape, location or topography, such regulations may be modified or determined by the Board, as provided for in Sections 91 and 92."

Before making its decision the board took a view of the premises and lots of the applicant and the objectors. From a careful examination of the plot plan, radius plan and testimony, it appears that the property of the applicant is located on the side of a steep hill; and that along the property line at the rear of applicant's lots the land rises

sharply with a retaining wall ten to twelve feet high on the easterly side thereof. It further appears that except for a very narrow opening on Waterman street lot 248 is an interior lot and that the only access from that street to such lot is across applicant's lot 429. Moreover it does not appear that there is any practicable access from Benefit street to the rear of lot 215.

It is well settled that this court will not set aside a decision of a zoning board unless it is so arbitrary or unreasonable as to show a clear abuse of discretion by the board. *Jacques v. Zoning Board of Review*, 64 R. I. 284, 289; *Petrarca v. Zoning Board of Review, supra*. In the circumstances and in view of the peculiar location, shape and topography of the lots involved herein, we see no abuse of discretion on the part of the board in granting a modification of the yard regulations in connection with the proposed addition to the present college building. In the circumstances we cannot say that such action by the board was either arbitrary or unreasonable.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the papers and records in the case which have been certified to this court are ordered sent back to the respondent board.

*Weller, Reynolds & Johnson, Harvey S. Reynolds, Edward L. Singsen,* for petitioners.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Ass't City Solicitor, for respondent.