248 A.2d 597.

LEO GARTSU *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WOONSOCKET.

DECEMBER 20, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This petition for certiorari seeks to quash a decision of the respondent board granting an application filed by a cafe to erect an addition to its building. The restaurant and bar operated by the applicant is a nonconforming use located on Mendon Road in an area zoned for residential purposes.

While sec. 4.71 of the Woonsocket zoning ordinance contains an express prohibition against the expansion of a nonconforming use, this court has ruled that relief from this provision is available by way of an application for a variance as provided by G. L. 1956, §45-24-19 (c). *Tuite* v. *Zoning Board of Review,* 95 R. I. 12, 182 A.2d 311. The right to a variance, as we have declared innumerable times, depends upon a showing of unnecessary hardship, that phrase being construed to mean that a literal enforcement

of sec. 4.71 has deprived the cafe of all beneficial use of its property. The existence of competent evidence probative of this condition is a condition precedent to a zoning board's grant of a variance. *Coupe* v. *Zoning Board of Review*, 104 R. I. 58, 241 A.2d 821.

In seeking to sustain its burden in this regard, the cafe's president told the board that he was familiar with his organization's financial records and that the proposed addition was needed to permit the applicant "to economically continue" its operation. No financial statements or data were produced to show the fiscal condition of the cafe.

In our opinion, the words "economically continue" lack any probative force whatsoever in establishing that, because of the provisions of the zoning ordinance, the cafe was being deprived of all beneficial use of its property. The economical continuation of the cafe's business described by its president might have referred to a business operation which is being run in a thrifty, efficient manner or to some endeavor which realizes some profit or possibly to an enterprise which is wallowing in the sea of insolvency. Whatever may be the true financial picture of the applicant, on the record before us, remains a complete mystery. This witness's testimony amounts to a vague, nebulous and inconclusive statement which is of no assistance to the cafe in establishing the requisite hardship which would entitle it to relief. In short, there is a complete absence of any competent evidence to show that the legislative restriction against the extension of a nonconforming use has made the operation of the Mendon Road cafe economically prohibitive. Although the board in its decision declared that it was granting the instant application because the cafe's small floor space made it difficult for the applicant to service large dinner parties, we would point out that the award of a variance was never intended to afford relief from a mere personal inconvenience experienced by a property

owner or as a guise to guarantee such an individual a more profitable use of his property. The record is barren of any evidence which could support the grant of the variance given here.

The petition for certiorari is granted and the decision of the board is quashed.