[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Defendant Nicolan petitioned the Tiverton Zoning Board of Review for a variance, to allow him to entertain his restaurant customers, on Friday evenings, with a pianist and singer. The restaurant is one of two non-conforming uses on a large parcel of land. Zoning is R-60 where no such uses are permitted under the ordinance. The board, at the conclusion of the hearing, voted to grant the application, restricting the hours from 8:30 to 11 p.m. Plaintiff, owner of a dwelling house across the road from the restaurant, appealed the decision under the provisions of R.I.G.L. 1956 § 45-24-20 as amended. Before the Court is the certified record only, no transcript being available. Both sides submitted memoranda, the town relying on and concurring with the memorandum filed by counsel for defendant Nicolan.
The Court considered a remand for the purpose of having the board make a proper decision which would be subject to meaningful review. But here, the minutes of the hearing establish without contradiction that the sole reason Nicolan filed for the variance was to increase his business and make more money. In granting his application the board authorized an additional use, not permitted under the zoning code. His argument here is that the use is merely incidental, and accessory to the operation of his restaurant. But Article II, section 7 of the Code reads:
 Principal Use.
 Sec. 7. Restaurants and entertainment.
 a. Lunch room or restaurant:
 (1) Not including entertainment or liquor
 (2) Including entertainment or liquor
Article III section 8 defines accessory uses. That argument fails.
He also argues the board was without jurisdiction to even consider this application for a variance because the use sought was purely incidental to an established non-conforming use and was permitted as a matter of right. But, having applied to the board for a variance, the only question here is the propriety of the board's action. Madden v. Zoning Board of Warwick,89 R.I. 131 at 134.
There being no evidence of unnecessary hardship before the board, it was error for them to grant the application. Gartsu v.Zoning Board of Review of the City of Woonsocket, 104 R.I. 719.
Plaintiff's request that Nicolan be restrained and enjoined from allowing live entertainment is surplusage in this complaint filed under the statute.
The board's decision is reversed and the clerk will forthwith enter judgment for plaintiff for costs.