[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of Cumberland. The petitioner here seeks reversal of the zoning board's August 3, 1990 decision denying his petition for a variance. Jurisdiction of this Court is pursuant to G.L. 1956 (1988 Reenactment) § 45-24-20.
Joseph A. Rossetti ("petitioner"), filed an application for a variance with the Zoning Board of Review of the Town of Cumberland, ("the Board"). The subject property is located at 3444 Mendon Road, Cumberland, Rhode Island. It is designated as Lot 174 on Assessor's Plat 54. The land is zoned Business A District 2, ("Business A-2") which under the zoning ordinance of the Town of Cumberland, provides ". . . no building, structure or land shall be used, arranged or designed to be used except for one or more of the following uses: . . . (2) Retail business, or any other enterprise for profit, for the convenience and service of and dealing directly with and accessible to the ultimate consumer, and being an enterprise not mentioned as prohibited in a Business B District." Additionally, the zoning ordinance provides, "[W]here property zoned as Business A-2 abuts a [r]residential or [a]agricultural zone . . . a well maintained landscaped [b]uffer [a]rea of fifty (50) feet shall be required . . .". In his application, petitioner requested the zoning board to grant a variance pursuant to Cumberland Zoning Ordinance Section 3, Subsection 5B[1] which allows the zoning board to reduce a buffer zone up to fifty percent.
An advertised hearing was held on July 11, 1990. At this hearing petitioner testified that he received a building permit to construct six retail stores to be located at 3444 Mendon Road, Cumberland, Rhode Island. Petitioner further testified that after the initial design was submitted to the Town for approval, he was informed that he must comply with the fifty foot rear setback requirement due to the fact that the property located to the rear of the proposed retail stores was residential. Additionally, petitioner testified, based on his personal real estate experience, that were he forced to comply with the fifty foot buffer, the property would effectively become unmarketable. This unmarketability would result because the retail space already sold to prospective tenants based on the original design submitted to the Town for approval, did not reflect the fifty foot buffer. Petitioner feared the prospective tenants would not be inclined to buy or lease his retail space because of this reduction in the amount of space available. Consequently, petitioner sought a reduction of the fifty foot rear setback requirement to thirty-five feet, pursuant to Section 3, Subsection 5B of the Cumberland Zoning Ordinance which would allow the Board to reduce a buffer zone up to fifty percent. Additionally, several neighboring lot owners appeared and testified in opposition to the granting of petitioner's request. In particular they expressed grave concern that the traffic problem would be aggravated on Mendon Road.
After the hearing, the zoning board voted unanimously to deny the petitioner's request for a variance. The petitioner filed the instant appeal.
The Superior Court's review of a zoning board decision is controlled by G.L. 1956 (1988 Reenactment) § 45-24-20(d) which states in pertinent part:
 45-24-20. Appeals to Superior Court.
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of the zoning board, this Court is confined to a review of the record of the proceedings to determine whether the zoning board acted within its authority as set forth in G.L. 1956 (1988 Reenactment) § 45-24-19(c).[2] The court shall not re-weigh the evidence but shall determine whether competent evidence exists to support the Board's decision. That decision will not be reversed unless the Board misapplied the law, misconceived or overlooked material evidence, or made findings that were clearly wrong. See Sawyer v. Cozzolino,595 A.2d 242 (1991) quoting Brum v. Conley, 572 A.2d 1332, 1335 (R.I. 1990); Green v. Green, 559 A.2d 1047, 1048 (R.I. 1989).Skelley v. Zoning Board of Review of South Kingstown,569 A.2d 1054, 1056 (R.I. 1990).
With respect to the rendering of zoning board decisions, zoning boards should (emphasis added) make express findings of fact and should (emphasis added) pinpoint the specific evidence upon which they based such findings. Essentially, they should disclose the reasons upon which they based their ultimate decision because the parties and this Court are entitled to know the reasons for the Board's decision in order to avoid speculation, doubt and unnecessary delay. Hopf v. Board ofReview of City of Newport, 230 A.2d 420, 428 (1967) quotingBastedo v. Board of Review, 89 R.I. 420, 153 A.2d 531 (1959);Richards v. Zoning Board of Providence, 100 R.I. 213 [100 R.I. 212], 219-20, 213 A.2d 814 (1965); Coffin v. Zoning Board of Review,81 R.I. 112, 98 A.2d 843 (1953); Winters v. Zoning Board of Review,80 R.I. 275, 96 A.2d 337 (1953); Petrarca v. Zoning Board ofReview, 78 R.I. 130, 80 A.2d 156 (1951). Unless zoning boards comply with the above mentioned directions they run the risk of reversal if this Court is unable to find from the record
(emphasis added) that there were good and sufficient grounds for their decisions. Hopf, supra at 428.
Here, this Court, while recognizing that zoning boards are reminded to make express findings of fact, is satisfied that there exists sufficient evidence in the record from which this reviewing Court is able to discern the basis for its findings. The record of the proceedings before the zoning board provides ample reasons for the zoning board's denial of petitioner's request for a variance. See Roger Williams College v.Gallison, 572 A.2d 61, 63 (R.I. 1990). The board articulated in the record those sections of the zoning ordinance governing lot numbered 174 on Cumberland Assessor's Plat numbered 54 at 3444 Mendon Road in the Town of Cumberland. See Holmes v. Dowling,413 A.2d 95 (1980). Furthermore, petitioner provided the Board with a picture of the property which vividly depicted the site of the proposed retail stores. He also testified that, even if the petitioner were denied his request for a variance, only the number of retail stores he would be allowed to construct would be affected, not whether or not he would be allowed to use the land for commercial retail space. (R. 6).
Petitioner argues that the zoning board relied on an improper standard in denying his request for a variance. In the instant case petitioner contends that the Board erroneously applied the true variance standard — a very harsh standard — to the application before them. At the meeting before the Board, Mr. Richard Kirby, Town Solicitor for the Town of Cumberland, opposed petitioner's request for a variance. Mr. Kirby properly advised the Board that in making its decision to grant or deny this petition, it must consider the Viti doctrine. (R. 26). Mr. West, counsel for petitioner, then asked Mr. Kirby to recite the law relative to the required showing for a deviation ". . . because I believe it's being misquoted." (R. 25). While it is true that the zoning board had before it both Mr. Kirby's statements with respect to the Viti variance form of relief and his statements defining the true variance, this Court is satisfied that the Board reached the proper result.
Here petitioner sought relief from an area setback requirement established by the Cumberland Zoning Ordinance. InViti v. Zoning Board of Review of the City of Providence,
92 R.I. 55 [92 R.I. 59], 166 A.2d 211 (1960), the applicant was seeking relief from area setback requirements in order to construct a commercial building or a commercially zoned lot. Thus the use was a permitted use of the property. The Viti court reasoned that to obtain a variance, the applicant must demonstrate that strict application of the zoning ordinance would ". . . amount to something more than a mere inconvenience." See Rozes v.Smith, 120 R.I. 515, 388 A.2d 816 (1978). The court has defined "more than a mere inconvenience" to mean that the relief sought is ". . . reasonably necessary for the enjoyment of the permitted use." See DiDonato v. Zoning Board of Review of Johnston,104 R.I. 158, 165, 242 A.2d 416 (1968). However, the Rhode Island Supreme Court has held that a variance must not be granted if it is contrary to the public interest. See Standish-Johnston Co. v.Zoning Board of Review, 163 R.I. 487 [103 R.I. 487], 493, 278 A.2d 754, 757 (1968) (citing G.L. § 45-24-19(c)). A zoning board also has no authority to give more relief than is necessary. See Id. at 493, 238 A.2d at 757.
To successfully be granted a true variance, one must satisfy the unnecessary hardship standard by demonstrating that a deprivation of all beneficial use of the property would result if strict adherence to the zoning ordinance were compelled. This in effect, would cause the property to be confiscatorily taken without compensation.
The Viti variance standard, however, is a more relaxed standard than that of the true variance. The former may be granted when relief is sought from zoning regulations that govern enjoyment of a permitted use, whereas the latter may be granted where the proposed use of the property varies from any of the uses permitted under the ordinance for that zoning district. SeeFelicio v. Fleury, 557 A.2d 480 (1989). Relief will be granted, pursuant to G.L. 1956 (1991 Reenactment) 41-24-19(c), allowing a landowner to circumvent the zoning ordinance if the landowner can demonstrate that he would be forced to suffer an unnecessary hardship is compelled to adhere to the ordinance. Unnecessary hardship has been interpreted by the court to be the "deprivation of all beneficial use of one's land." Bamber v. Zoning Board ofReview of Town of Foster, et al, 591 A.2d 1220. Petitioner is here requesting a reduction of the rear setback requirements in a commercially zoned area.
Here, the record supports the Board members' finding that it would not be an adverse impact amounting to more than a mere inconvenience to require Mr. Rossetti to reduce the amount of retail space available to prospective commercial tenants. Our Supreme Court has held that the award of a variance was never intended to afford relief from a mere personal inconvenience experienced by a property owner or as a guise to guarantee such an individual a more profitable use of his property. Gartsu v.Zoning Board of Review, 104 R.I. 715 [104 R.I. 719], 720-21,248 A.2d 597, 598 (1968). A review of the record reveals that the only evidence presented to the Board demonstrating that petitioner experienced an adverse impact amounting to more than a mere inconvenience was the fact that he would suffer a loss of profits (R. 7). Mr. Rossetti's inconvenience would amount to a loss of profits and it is a well settled principle that loss of profits is insufficient to meet "more than a mere inconvenience." Id. 104 R.I. at 720-21, 248 A.2d at 598 (1968). The record demonstrates that petitioner fell far short of carrying his burden. This court is satisfied that petitioner has not met the most lenient standard of an adverse impact amounting to more than a mere inconvenience for deviation from a permitted use regulation. Enforcement of the ordinance precludes an increase in realized profits to petitioner — an insufficient reason to support a grant of a deviation. Id.
at 820.
After careful review, this Court finds that the record is replete with evidence in support of the Board's decision and said record does not demonstrate petitioner would suffer anything more than a less profitable use of his property. Thus, the Board's denying petitioner's request for a variance was supported by substantial evidence in the record.
A dialogue from Board members and comments from Cumberland residents revealed a great concern for the increase in traffic and congestion to this section of Mendon Road, an already heavily congested area. While comments from lay people on congestion do not constitute probative evidence, the zoning board may hear testimony from lay persons who are familiar with the area.Toohey v. Kilday, 415 A.2d 732, 737 (1980). However, it is well established that evidence presented from a Board member who is familiar with the area at issue constitutes probative evidence and is to be given considerable weight. At the hearing at least four of the five Board members testified that they were from the area and were familiar with the subject area.
Ms. Marcy Vincelette, a member of the Board commented at the hearing that Section 3 Subsection 5B states: "where it has been determined at a public hearing that a lot or parcel of land which is subject to the provisions of Section 5A cannot physically meet said provisions, the zoning board may (emphasis added) reduce the buffer area up to fifty percent. I cannot see where he cannot physically meet the other specifications if he reduces the size of the building. I don't feel right with reducing the buffer zone." (R. 24).
Ms. Theresa McMichael, a fellow Board member, commented that petitioner seeks to build six retail stores having certain dimensions. The granting of the requested variance would allow him to build these stores. Ms. McMichael points out that denial of the variance would not cause petitioner to forego the entire plan to build the retail stores but rather it would reduce the amount of stores he would be allowed to build . . . "He still can do what he wants to do. He may not be able to do it to the extent he'd like to do. However, I would not be able to support reducing the buffer in that area. . . ." (R. 24). Ms. Edward Babiec and Mr. Dennis Bernardo, both Board members, agreed with the comments made by Ms. Vincelette and Ms. McMichael.
This Court has closely and diligently reviewed the record before it. It concludes therefrom that petitioner failed to present the requisite evidence to meet the burden imposed upon him in order to be entitled to be relieved from the rear setback requirements under the Cumberland Zoning Ordinance and that the Board's decision is supported by reliable, probative, and substantial evidence of the whole record.
For the reasons hereinabove set out, the decision of the Cumberland Zoning Board of Review dated August 3, 1990 is affirmed.
Counsel shall prepare the appropriate order for entry within ten (10) days.
[1] Cumberland Zoning Ordinance Section 3 Subsection 5B:
5. Buffer Area
B. Exceptions. Where it has been determined at a public hearing that a lot or parcel of land which is subject to the provisions of subsection 5A cannot physically meet said provisions, may reduce the buffer area up to fifty (50%) percent but shall require a six (6) foot screen force and may impose any other requirements necessary for the protection of the Residential or Agricultural zone.
Cumberland Zoning Ordinance Section 3 Subsection 5A, as amended August 19, 1987 and January 20, 1988:
5. Buffer Area
A. Where property zoned as Business A abuts a Residential or Agricultural zone or where property of any zoning designation is utilized as a Business A use under a special exception, variance, or as a lawful non-conforming use and said property abuts a Residential or Agricultural zone, a well maintained landscape buffer area of fifty (50) feet shall be required on said Business A zoned or Business A use lot in which buildings, parking or accessory structures shall not be allowed.
[2] Section 45-24-19. Powers of Board of Review —
(c) To authorize, upon appeal in specific cases, a variance in the application of the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.