[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is the appeal of Frank Izzo (hereinafter "plaintiff") from an August 29, 1990 decision of the East Providence Zoning Board of Review (hereinafter "Board"). That decision denied plaintiff permission to eliminate a stipulation imposed along with the granting of a previous variance with respect to the same property. Jurisdiction in this Court is pursuant to G.L. 1956 (1988 Reenactment) § 45-24-20.
FACTS/TRAVEL
The plaintiff's property is designated as Assessor's Plat No. 304, Block 9, Parcel 1, zone I-1 and is located at 338 Massasoit Avenue in the City of East Providence. On June 25, 1986, the East Providence Zoning Board granted to plaintiff a variance to change the use of said parcel from that of a gasoline filling station to that of "the short term storage of operable vehicles." (Plaintiff's Exhibit 3). On his 1986 application for said relief, plaintiff had specifically requested a variance from Secs. 34-20(g) and 34-22(h)(3) of the 1986 East Providence Zoning Ordinances (hereinafter "ordinance"). Sec. 19-418 of the 1987 ordinance (previously Sec. 34-20(g) of the 1986 ordinance) (Plaintiff's Exhibit 2) is entitled "Change of Use" and in pertinent part provides:
 Except as provided in this article, a nonconforming use shall be changed to a permitted use and once changed to a permitted use shall not thereafter be changed to a nonconforming use. A nonconforming use of land or of a structure shall not otherwise be changed to another nonconforming use that is substantially different in nature and purpose unless a variance is granted. . . .
Section 34-22(h)(3) essentially pertains to maintenance of the off street parking area.
Again, on August 29, 1990, plaintiff appeared before the 1990 East Providence Zoning Board requesting relief from ordinance Sec. 19-413, entitled "Extension," and Section 19-135(A), entitled "Parking in the front yard." On motion of plaintiff's counsel, the Board at that hearing agreed to amend plaintiff's petition to include Sec. 19-40(d) along with Sec. 19-413. Sec. 19-413, part of Article VI entitled "Nonconforming Uses and Structures" provides:
 No increase in the extent of nonconforming use of premises or land shall be made. A nonconforming use of a building or structure shall not be extended except into any portion of the building or structure which was arranged or designed for such nonconforming use prior to the effective date of this chapter. No increase in the extent of a nonconforming structure shall be made except in conformance with the provisions of this chapter.
Section 19-40 is entitled "Requirements for a variance." Subsection (d) of Sec. 19-40 provides: In granting relief from the provision of this chapter, the zoning board of review shall grant the least variance from the provisions needed to remove the unnecessary hardship and may impose any condition or safeguard as may be deemed in the public interest. By a 5-0 vote, the Board at its advertised hearing of August 29, 1990 denied plaintiff's request, finding "we cannot extend the variance for a use that is not permitted." Tr. at 13. The instant appeal followed.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20(d) which provides:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision, the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501, 506,388 A.2d 821, 824 (1978). Substantial evidence means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Caswell v. George Sherman Sand GravelCo., Inc., 424 A.2d 646, 647 (R.I. 1981). This requisite evidence has been further defined as "more than a scintilla but less than a preponderance." Apostolou, 1230 R.I. at 508, 388 A.2d at 825. Accordingly, "a reviewing court should exercise restraint in substituting its judgment for the judgment of the zoning board which is based on the evidence before it." Mendonsav. Corey, 495 A.2d 257, 263 (R.I. 1985).
The 1986 Board's Decision
Although plaintiff now argues that the relief he received from the Board in 1986 may not have been a variance, it is clear from the record that in 1986, the plaintiff sought and the Board granted a use variance to Mr. Izzo ". . . to store operable vehicles which [had] been repossessed." (Plaintiff's Exhibit 3). Pursuant to Sec. 19-98 of the same ordinance, a gasoline filling station was a prohibited use. In the 1986 ordinance, an I-1 zone was designated as Industrial "Limited Manufacturing." "Limited Manufacturing, pursuant to Sec. 19-1 of that same ordinance
. . . means any uses such as manufacturing and processing of the following items, but excluding any outdoor storage: Electronics and allied electrical industries including wiring devices and supplies, instruments for measuring, indicating and recording electrical quantities and characteristics, electrical control apparatus, electrical appliances, radios and radio and television equipment, radar and related detection apparatus, phonographs, telephone and telegraph equipment, radio tubes, electrical motors and generators limited to five (5) horsepower or less, X-ray and therapeutic apparatus, nonradio electronic tubes and porcelain electrical supplies; printing, publishing, engraving or bookbinding; optical goods, instruments and ophthalmic goods; pharmaceutical preparations, biological products, inorganic and organic medicinal chemicals and toilet or cosmetic preparations; precious metal and costume jewelry, jewelry findings and silverware; apparel and other finished products made from fabrics or similar materials; paper products; plastics and fabricated plastic products; phonograph records; computing and related machines; office and store machines and devices; scales, balances and small coin-operated machines; laboratory, scientific and engineering instruments; watches and clocks; mechanical measuring and controlling instruments; sporting and athletic goods; games and toys; musical instruments; advertising display, models and patters; artificial flowers, buttons and fasteners; jewelry, cigarette and instrument cases and compacts; caskets; pens and pencils; emblems, badges and insignia.
Absent specifically and precluded by reasonable analogy to those enumerated uses is a repossession business. Interestingly, an "autobody, soldering or welding shop" would, pursuant to that same ordinance, not be permitted in the I-1 "Limited Manufacturing" zone but in the "Heavy Business" C5 or "General Manufacturing I-2 or "Heavy Manufacturing" I-3 zones.
Accordingly, the plaintiff's proposed property use, that of repossession storage, was regarded both by plaintiff himself, and was found by the 1986 Board, to be another nonconforming, prohibited use in that zone. On his 1986 application for relief, plaintiff specifically stated: "The proposed use — the short term storage of operable vehicles — is a change of one non-conforming use to another." (Plaintiff's Exhibit, No. 3 at 2). In granting that variance in 1986, the Board additionally imposed several "stipulations" including trash removal, storage for no more than 12 cars, a fence, and shrubbery (Plaintiff's Exhibit 3 at pp. 9-10). No appeal from that decision followed.
Our Supreme Court has recognized that in zoning controversies there are four terms which may arise; `permitted uses,' `conditionally permitted uses,' `deviations,' and `variances.'Northeastern Corporation v. Zoning Board of Review of the Townof New Shoreham, 534 A.2d 603 (R.I. 1987). A deviation provides relief ". . . from provisions that govern area and setback restrictions and comes into play only when the project involves a permitted use." Id. at 605. The granting of a special exception creates a conditionally permitted use. See, e.g., HealthHavens, Inc. v. Zoning Board of Review of the City of EastProvidence, 101 R.I. 264, 221 A.2d 794, 798 (1966). Accordingly, a deviation is not available when the present use of the land has been granted by special exception thus making that use a conditionally permitted use. Northeastern Corporation, 534 A.2d at 605. The granting of a variance, on the other hand, ". . . contemplates a departure from the terms of the ordinance in order to preclude confiscation of property." Kramer v. Zoning Board ofReview of the City of Warwick, 98 R.I. 328, 331, 201 A.2d 643, 644 (1964). Thus once a use variance is granted, the previous prohibited use of that property is not magically transformed into a use permitted as a matter of right. See generallyNortheastern Corporation, 534 A.2d.
Plaintiff has cited Warner v. Board of Review of the City ofNewport, 104 R.I. 207, 210, 243 A.2d 92 (1968). That case involves a special exception which concerns a "conditionally permitted use." Implicit in the grant of a special exception is ". . . a right reasonably to expand and intensify that use so long as such exception or intensification [is] not contrary to the provisions of the zoning ordinance and was not inconsistent with the objectives of the police power." Id. at 210. Accordingly, intensification of a special exception whenever the intensified use sought is of the same character as that already permitted under the terms of the prior exception and has the effect of merely intensifying same is permitted as of right.See id. In the instant matter, however, storage of in excess of twelve (12) cars was not a permitted use or a legal nonconforming use under the terms of the prior variance or even a conditionally permitted use under the terms of the ordinance. Accordingly, Warner is inapposite.
In Health Havens, Inc., supra again, not involving a variance but an addition to a nursing home, the petitioner's use was a conditionally permitted use per grant of a special exception. To intensify or increase said use petitioner was required to prove he was entitled to a variance; that is he was being deprived of all beneficial use of the land and that such a variance would not be contrary to the public interest. In HealthHavens, the Court held that the section of the applicable zoning ordinance providing for the extension of nonconforming uses was inapplicable as the relief previously granted to the petitioner was that of a special exception which is not a permitted use but rather a conditionally permitted use. Id.
The 1990 Board's Decision
With respect to the instant appeal, plaintiff essentially has requested from the 1990 Board that the stipulations accompanying the 1986 Board's granting of the variance be removed or in plaintiff's words, "modified." By increasing the number of cars from twelve (12) to forty (40), plaintiff is seeking to remove the condition or stipulation which the 1986 Board placed on their grant of the variance. Pursuant to Sec. 19-40, "Requirements for a variance," the Board in granting relief ". . . shall grant the least variance from the provisions needed to remove the unnecessary hardship and may impose any condition or safeguardas may be deemed in the public interest." (Emphasis added.)
The Doctrine of Administrative Finality "bars a subsequent application for the same relief absent a showing of a change in material circumstances in the time intervening between the two applications." Audette v. Coletti, 539 A.2d 520, 521-22 (R.I. 1988). This change in circumstances warranting a reversal of a prior Board's decision ". . . should ordinarily be predicated upon a factual situation differing materially from that existing at the time of the earlier decision." See Hoof v. Zoning Boardof Review of the City of Newport, 230 A.2d 420, 425 (1967) (citing 2 Rathkopf, Zoning and Planning, chap. 46 (3d ed.)). Said doctrine applies to conditions imposed along with an earlier Board's granting of relief. See Audette, 539 A.2d at 522. The 1986 Board's granting of the variance was accompanied by the earlier enumerated conditions and was contingent upon their being followed. However, in the interval between the plaintiff's two applications, Mr. Izzo has largely ignored those conditions as, for example, by storing in excess of thirty vehicles many of which aren't operable, storing boats, not completing the prescribed landscaping — and essentially has asked the Board to sanction such violations.
Pursuant to § 45-24-43, a zoning board "[i]n granting a variance . . . may apply such special conditions that may in the opinion of the board . . . be required to promote the intent and purpose of the comprehensive plan and the zoning ordinance of the city." Failure to abide by any special conditions attached to a grant shall constitute a violation.
In violating the conditions attached to the grant of the 1986 variance, plaintiff has been illegally using the property. In fact, the plaintiff at the 1990 hearing admitted "I am in violation." Tr. at 8. Forty cars is clearly not a permitted "extension" or "modification" of the earlier grant of the variance which specified that the twelve (12) car limit was imposed along with the variance.
At the August 29, 1990 hearing, plaintiff amended his petition to include a request for relief from Article VI, Sec. 19-413. Article VI of the ordinance is entitled, "Nonconforming Uses and Structure" and applies to the ". . . lawful uses of any buildings, structure, premises or land existing on the effective date of this chapter or as of any subsequent amendment of this chapter. . . ." See Sec. 19-412. Sec. 19-413, entitled "Extension," prohibits an ". . . increase in the extent of the nonconforming use of premises or land. . . ." Sec. 19-413 further provides that "No increase in the extent of a nonconforming structure shall be made except in conformance with the provisions of this chapter." As described in Sec. 19-418, entitled "Change of Use" a nonconforming use pertains to a use that was legal at the time of the ordinance. Specifically, the ordinance Section 19-1 in pertinent part states that a nonconforming use means a legally existing use of land or building which fails to comply with the use regulations . . . in such section for the zone in which such use is located."
In the case at bar, the East Providence Zoning Ordinance provides in Sec. 19-6(b) as follows:
 All variances and exceptions heretofore granted by the zoning board of appeals shall remain in full force and effect, and all terms, conditions and obligations imposed by the board shall remain in effect and be binding to the same extent as if this chapter had been enacted.
In seeking to expand his use and to remove the conditions imposed along with the previous grant of the variance, petitioner pursuant to the applicable ordinance must satisfy the variance standard.
Case law repeatedly demonstrates that the nature of the use determines the form of zoning relief that pursuant to ordinance may be sought by a petitioner. Bilodeau v. Zoning Board ofReview of the City of Woonsocket. 101 R.I. 46, 220 A.2d 224
(1966), concerned a request for permission to erect an addition to a building used as a nursing home and located in a district wherein a nursing home was not a permitted use. Here the Court held that the application for the additional accommodations was properly treated as one for a variance, as the nursing home itself was not a permitted use. In Hugas Corp. v. Veader,456 A.2d 765, 770 (R.I. 1983), the subject use was "nonconforming," which pursuant to the applicable Barrington ordinance was defined as ". . . that use lawfully existing at the time the ordinance became effective or lawfully existing at the time of passage of any amendment. Accordingly, in Hugas as the petitioner's use of the property qualified as a legal nonconforming use, that zoning board, pursuant to same ordinance, could grant an extension of the nonconforming use via special exception. Involved in Gartsuv. Zoning Board of Woonsocket, 104 R.I. 719, 248 A.2d 597 (R.I. 1968), was a petitioner's request to erect an addition to a cafe considered by the applicable zoning ordinance to be a nonconforming use (a use which was lawfully existing at the time of passage of the ordinance.) Recognizing the Woonsocket ordinance's prohibition against the expansion of a nonconforming use, the Supreme Court in Id. (citing Tuite v. Zoning Board ofReview, 95 R.I. 12, 182 A.2d 311 (1962), held that relief from such a provision was available via an application for a variance pursuant to § 45-24-19(c).
Pursuant to G.L. 1956 (1991 Reenactment) § 45-24-41(c)(2), a zoning ordinance which provides for the granting of a variance includes among its requirements "[t]hat the hardship is not the result of any prior action to the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;" and further, "(4)[t]hat the relief to be granted is the least relief necessary." Furthermore, pursuant to §45-24-31(61)(a) the landowner's burden for obtaining a use variance is to demonstrate ". . . that the subject land or structure cannot yield any beneficial use if it is to conform to the provision of the zoning ordinance." Our Supreme Court has interpreted "unnecessary hardship" as a "deprivation of all beneficial use of one's land." Rhode Island Hospital TrustNational Bank v. East Providence Zoning Board of Review,444 A.2d 862, 864 (R.I. 1982); Rozes v. Smith, 120 R.I. 515, 520,388 A.2d 816, 819 (1978). This requisite complete deprivation of all beneficial use has been clearly distinguished from "substantial deprivation" as the standard to be used in determining whether one is entitled to such a variance. Smith v.Zoning Board of Review of the City of Warwick, 104 R.I. 5,241 A.2d 288, 290 (1968). This latter category of "substantial deprivation" has included a "more profitable use" of the property, Rhode Island Hospital Trust National Bank, 444 A.2d at 862; "a personal inconvenience," Gartsu, 104 R.I. at 721, 248 A.2d at 597; and even "serious financial hardship," RhodeIsland Hospital Trust National Bank, 523 A.2d at 865 — all of which have been rejected by the Court as grounds for a zoning board's granting of a variance.
With respect to a petitioner's claim of financial hardship as warranting the grant of a variance, the Supreme Court has qualified such hardship as "`. . . the present return on the property [is] so law that to require its continued devotion either to its present use or to others permitted under the ordinance would be confiscatory.'" Gaglione v. DiMuro,478 A.2d 573, 576 (R.I. 1984 (quoting Goodman v. Zoning Board of Reviewof Cranston, 254 A.2d 743, 746 (R.I. 1969)). However, at the hearing before the Board, the plaintiff failed to meet his requisite burden of demonstrating a deprivation of all beneficial use were he to be denied the variance. The evidence presented to the Board demonstrated instead that the plaintiff has been able to build a business on the subject site, as plaintiff acknowledged, "I guess my business has grown." Tr. at 8. Plaintiff's attorney further explained that Mr. Izzo's ". . . business has grown tremendously in the 5 years since its inception. That from 12 clients when he first came to this Board he now has 150 clients." Tr. at 3. Consequently, plaintiff explained to the Board. "I have had to branch out to give units to stay competitive with my competitors." Tr. at 8. Essentially, the record reveals that the basis of plaintiff's hardship is that if he does not receive the requested relief, "I am all done. It would put me right out of business." When asked by Board member Mr. Sullivan for the basis of the plaintiff's belief that his "business will be done," Mr. Izzo responded: "I have an obligation to my clients, and I represent my clients. When I first came to this Board, I had two clients. Now I have 156 throughout the United States and Canada and the cars that I repossess are taken to East Providence, . . . ." Tr. at 9.
Various zoning board members visited the site. At the hearing, Board member Mr. Sullivan revealed in the record that on a recent visit he had observed ". . . 30 cars and junk . . . two boats on trailers . . . one tow camper." Tr. at 6. Mr. Sullivan further noted that approximately ". . . a quarter of the equipment could be driven." Tr. at 6. However, Mr. Sullivan, who sat on the earlier, previous Board, explained "another stipulation that we stipulated to was if the 12 cars that you agreed to, by the way, was that every car could be driven and driven out of there to avoid becoming a junk yard." Furthermore, the Board noted that the Planning Department had found recently the "required landscaping for the street "as stipulated to with the granting of the earlier variance "is nonexistent." Tr. at 6. Additionally, solid fencing as required by earlier stipulation "long before," very recently was erected. Tr. at 6. Plaintiff also showed the Board a picture, admitted into evidence as Exhibit A. taken eight to nine months prior to the subject hearing depicting fifty-eight (58) cars on the property. Tr. at 10. In response to said picture, Board member Stromberg noted with respect to the plaintiff: "He has been asked to do the required landscaping and other things and take down the post for those overhead signs and just hasn't done none of it. It has gotten to the point that we cannot extend the variance for a use that is not permitted." Tr. at 13.
The Board's denying the variance 5-0 and finding that the plaintiff ". . . would not be deprived of any beneficial use of that property . . ." Tr. at 13, is clearly and amply supported by the evidence of record. "It is well-settled that a more profitable use that would result in a financial hardship if denied does not satisfy the requirements of our law." R.I.Hospital Trust National Bank, 444 A.2d at 864. In the words of our Supreme Court, "that a petitioner might be able to use the property in a more profitable manner is not a basis for granting a variance." O.K. Properties v. Zoning Board of Review of theCity of Warwick, 601 A.2d 953, 955 (1992). Furthermore, at the 1990 hearing before the Board, plaintiff's assertion of unnecessary hardship was not supported by the requisite "documentary proof." Our Supreme Court has held that ". . . statements of economic unfeasibility that are mere conclusions and are unsupported by financial statements or cost data do not constitute probative evidence. . . ." Gaglione v. DiMuro,478 A.2d 573, 576 (R.I. 1984) (quoting Goodman v. Zoning Board ofReview of Cranston, 105 R.I. 680, 684-5, 254 A.2d 743, 746 (1969)). Rather, a petitioner's ". . . naked assertion of economic unfeasibility is meaningless." Id. at 685, 254 A.2d at 746.
Plaintiff additionally argues that the Board ". . . was engaged in some sort of vendetta." Plaintiff's Supplemental Argument at 4. The substance of this argument is that one zoning board member had stated at the hearing that a member of the audience who lived across the street from the subject property had previously voiced his objection to that Board member. At the end of the hearing, this Board member inquired as to whether there were any objectors and receiving no response, mentioned his earlier conversation with the "allegedly" objecting neighbor. Furthermore, plaintiff argues that at the close of the hearing when the Board rendered its decision, one Board member could be seen picking up a prepared statement and reading his reasons for denying plaintiff's application.
This Court is ever mindful that zoning boards ". . . are not required to observe strictly either the rules of evidence or the formality that apply ordinarily to judicial proceedings." Hopf,
102 R.I. at 285, 230 A.2d at 426 (citations omitted). In Holmesv. Dowling, 413 A.2d 95, 98 (1980), involving inter alia a zoning board that failed to keep a well articulated record of its proceeding, our Supreme Court held that a ". . . petitioner's attempt to raise an issue of procedural irregularity in the functioning of the zoning board cannot assist him when he has no substantive claim to favorable board action." Furthermore, §42-35-15(d) specifically provides for the reversing or modifying of a zoning board decision ". . . if substantial rights of the appellant have been prejudiced. . . ." by any alleged irregularities at the hearing inter alia.
After a thorough review of the record, after considering counsels' original and supplemental arguments, and even after review of the videotape of the 1990 hearing before the Board, this Court finds that the decision of the Board, was supported by competent, probative, and reliable evidence of record. Furthermore, this Court finds that the rights of the plaintiff were not prejudiced by any alleged irregularity at the hearing. Actually, this Court finds that plaintiff's rights were enlarged when the 1990 Board in derogation of ordinance Sec. 19-41(e) permitted the plaintiff to amend his application to include an additional avenue of relief without first requiring re-advertisement as required by said provision. Sec. 19-41(e) entitled "Procedure for appeals, special exceptions and variances" in pertinent part provides: "If the board allows an amendment to an original petition which changes the terms under which the petition was advertised or which alters the basic facts upon which the petition which the board allows an amendment to an original petition which changes the terms under which the petition was advertised . . . the amended petition shall be re-advertised and referred to the department of planning as provided in this section."
Accordingly, for the foregoing reasons articulated after review of the entire record, the August 29, 1990 decision of the Zoning Board of the City of East Providence must be and is affirmed.
Counsel shall submit the appropriate judgment for entry.