DECISION
This is an appeal from a decision of the Zoning Board of Review for the City of Newport (Board). The plaintiff is seeking reversal of the Board's decision dated March 22, 1996. In its decision, the Board denied the plaintiff's application for a dimensional variance for "the renovation and rehabilitation of an existing, nonconforming structure." Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
Swanhurst Theater, Inc. (plaintiff) is the owner of a piece of real estate located at One Hunt Court, Newport, Rhode Island. The subject property is designated on Assessor's Plat 32 as Lot number 270 and is zoned residential, R-10. The building currently on the lot was constructed in 1907. If built today, the structure would not conform to the provisions of the City of Newport Zoning Code (Ordinance)[1] and is presently a legal nonconforming structure. The plaintiff is seeking to increase the height of the easterly half of the building by approximately seven and a half feet (7.5'). (Tr. at 8-9; Application for Special Exception or Variance dated 10/3/95).
At a property advertised hearing held on November 27, 1995, three witnesses testified in support of the application. Peter Kent, the builder hired to do the work, gave testimony as to the characteristics of the lot and the configuration of the existing building. Mr. Kent described the proposed alterations. (Tr. at 8). He explained that there would be no change in the current (nonconforming) footprint, but that the proposal included raising the height of the roof over the easterly half of the building by seven and a half feet (7.5'). (Tr. at 9). Mr. Kent stated that the project consisted of creating two townhouse units (Tr. at 11) which the property owner wanted to make more attractive by going up a level thereby getting a view, albeit limited, of the Newport harbor. (Tr. at 29) Additionally, he testified that the main reason for raising the roof was to make the project a worthwhile investment. (Tr. at 29-30).
The Board then heard testimony from Maximillian Ferro, an architectural expert. Mr. Ferro stated that due to the sloping topography on which the building sits, raising the height of the building was necessary to avoid the easterly unit from looking out at street level parking. (Tr. at 39). It was his opinion that raising the roof is necessary in order to make "it a desirable unit and worthy of [the plaintiff's] real estate investment." Id.
He further testified if the owner was denied the dimensional variance, the easterly unit would be unmarketable to the plaintiffs target market. (Tr. at 49). Allen Shers, a real estate expert, testified before the Board that "in order to get beneficial use out of [the property], you would have to do the increase in existing height." (Tr. at 75). Mr. Shers also testified that the proposed addition would not be contrary to the goals of the Newport Comprehensive Plan and would not have a detrimental effect on the surrounding neighborhood. (Tr. at 78). Both Mr. Ferro and Mr. Shers testified that in their opinion the proposed addition was compatible with the surrounding neighborhood. (Tr. at 41, 66).
At the November 27, 1995 hearing and at its continuation on December 4, 1995, several neighboring lot owners appeared and testified in opposition to the granting of the plaintiff's request. In particular they expressed concern over the potential losses of sunlight and privacy, increased congestion in an already densely populated area, and the size of the proposed addition as being too large for the lot and the neighborhood. (Tr. at 83-85; 98-100; 113).
Following the hearing, the Board voted four to one to deny the application. (Tr. at 126). In a written decision issued on January 9, 1996, the Board made findings and denied the application for the following reasons:
 "16. The literal enforcement of the provisions of the zoning code requiring the appropriate setback would not result in unnecessary hardship;
 17. Special conditions and circumstances do not exist which are particular to the land, structure or building involved and which are not applicable to other land, structures or buildings in the same district;
 18. A more literal interpretation of the provisions of the zoning code would not deprive the applicant of rights commonly enjoyed by other property owners in the same district under the provisions of the zoning code;
 19. The variance requested is not the minimum variance necessary to make possible the reasonable use of the land, structure or building;
 20. The variance would be injurious to the neighborhood and otherwise detrimental to the public welfare;
 21. The hardship results primarily from the desire of the applicant to realize greater financial gain.
 22. The applicant and owner can make reasonable use of the property as it presently exists without the thirty (30) feet by approximately sixty (60) feet third floor and rooftop addition."
(Decision of the City of Newport, Zoning Board of Review dated January 9, 1996).
The plaintiff filed a timely appeal to this Court asserting that the Board's decision was based upon the wrong legal standard and was not supported by substantial evidence.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the Board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n. Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO. Local 1589, 119 R.I. 506, 380 A.2d 521
(1977)).
 The Variance Standards
The plaintiff contends that the Newport Zoning Board applied an incorrect legal standard when considering the application for relief under the Ordinance. The plaintiff sought a deviation from the regulation of a permitted use. See Application for Special Exception or Variance dated 10/3/95. Pursuant to § 1260.06.022 of the Ordinance, two-family dwellings are a use permitted by right in a R-10 district. However, the existing structure does not conform to the dimensional regulations set forth in §§ 1260.06.023-1260.06.026 of the present Ordinance and constitutes a "nonconforming development" under § 1260.10.
Section 1260.11 expressly prohibits the expansion of nonconforming structures. The Ordinance does not "prohibit the ordinary repair and maintenance of a nonconforming structure or replacement of existing materials, provided that such work does not increase the nonconformity thereof." § 1260.11(a). However, § 1260.11(c) provides that no nonconforming structure shall be changed except to a conforming structure. The plaintiff is seeking to increase the height of the structure's current nonconforming footprint. Accordingly, the plaintiff must obtain a deviation before increasing the nonconformity.
The plaintiff argues that the Board applied the stricter standard which governs the consideration of applications for a true variance, rather than a deviation. The Rhode Island Supreme Court has distinguished a true variance from a deviation inBamber v. Zoning Board of Review, 591 A.2d 1220 (R.I. 1991). The Court explained,
 "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance . . . A petitioner seeking a `true' variance must satisfy the `unnecessary hardship' standard of G.L. 1956 (1991 Reenactment) § 45-24-19(c), which requires `a showing of deprivation of all beneficial use of property' . . . A deviation is relief from the restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements . . . A petitioner seeking a deviation need show only an adverse impact amounting to more than a mere inconvenience." Id. at 1223.
Accordingly, where a landowner seeks the relaxation of certain regulations governing a permitted use, the applicant need only show that strict adherence to the regulations will amount to something more than a mere inconvenience. H.J. Bernard RealtyCo., Inc. v. Zoning Board of Review, 96 R.I. 390, 394,192 A.2d 8, 10-11 (1963); Viti v. Zoning Board of Review, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960). This standard has become known as the Viti Doctrine.[2]
The findings of the Board are set forth in separate numbered paragraphs. Although paragraph number 16 appears to apply the stricter "true variance" standard to plaintiff's application, paragraphs numbered 19 and 22 address the issues pertinent to the more relaxed "diviation" standard. Since the findings contained in paragraphs 19 and 22 are supported by the evidence, those findings are determinative of the application regardless of whether or not the Board blurred the two standards in arriving at its decision. Where there exists a valid basis for the action of a zoning board, the applicant cannot attack the action on the ground that the board may have based its ruling on an allegedly incorrect alternate basis. Holmes v. Dowling, 413 A.2d 95 (R.I. 1980). Furthermore, as this court can ascertain from the record reasons for the Board's decision, and finds that said decision is supported by reliable, probative, and substantial evidence, that decision must be sustained. See Richardson v. Zoning Board ofReview of the City of Providence, 100 R.I. 212, 220,213 A.2d 814, 818 (1965).
The plaintiff's threshold burden was to demonstrate to the Board that denial of the requested variance would constitute an adverse impact amounting to more than a mere inconvenience.DeStefano v. Zoning Board of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1170 (1979). The record reveals that the only evidence presented to the Board demonstrating that the petitioner would experience an adverse impact amounting to more than a mere inconvenience was expert testimony to the effect that without the proposed increase in height over the easterly portion of the building, the easterly unit would be unmarketable to its desired clientele and, therefore, not a worthy or beneficial investment. Our Supreme Court has held that the fact that a landowner might be able to use the property in a more profitable manner is not a basis for granting relief. O.K. Properties v. Zoning Board ofReview of City of Warwick, 601 A.2d 953 (R.I. 1992); See alsoGartsu v. Zoning Board of Review, 104 R.I. 719, 720,248 A.2d 597, 598 (1968)(variance was never intended to afford relief from mere personal inconvenience experienced by property owner or as guise to guarantee such an individual more profitable use of property). If the use can be fully conducted within the dimensional requirements of the law, the fact that a larger or more profitable use could be made by exceeding those requirements does not justify the grant of a deviation. See Apostolou, 120 R.I. at 510 (economic impracticality does not amount to more than mere inconvenience). Moreover, with respect to nonconforming structures, the ordinance clearly intends to prevent the increase of a structure's nonconformity. The plaintiff seeks to increase the height of the building so that the easterly unit has a view of Newport Harbor. Accordingly, the record demonstrates that the plaintiff has failed to prove that it would suffer anything more than a less profitable use of the property as the potential rental income for the easterly unit would be less without a harbor view.
Furthermore, the record reveals that the existing building offers a total of fifty two hundred (5,200) square feet of living space (Remonstrant's Exhibit 1) and the proposed alterations would increase the available living space to thirty one hundred (3,100) square feet per unit, a total of sixty two hundred (6,200) square feet. (Tr. at 24; Remonstrant's Exhibit 1). The record also shows that dwellings on neighboring properties offer living space ranging from approximately one thousand (1,000) to twenty three hundred square feet. (Remonstrant's Exhibit 1). Accordingly, as the existing building provides adequate living space, the evidence before the Board demonstrated that the proposed addition is not necessary for reasonable enjoyment of the property as a two-family dwelling. See Standish-Johnson Co.v. Zoning Board of Pawtucket, 103 R.I. 487, 492, 238 A.2d 754, 757 (1968)(burden on property owner to establish relief sought is minimal to reasonable enjoyment of permitted
After a review of the whole record, this Court concludes that the plaintiff has failed to satisfy its burden for variance relief under the City of Newport Zoning Code. Moreover, this Court finds that the Board's decision is supported by reliable, probative, and substantial evidence of the whole record and that substantial rights of the plaintiff have not been prejudiced. Accordingly, the Board's decision is hereby upheld.
Counsel shall submit the appropriate judgment for entry.
[1] The existing structure is located zero (O) feet from the north and three (3) feet from the south property lines and covers 34% of the lot (Staff Report, Newport Zoning Board of Review Agenda for 10/23/95). Pursuant to the Ordinance, the minimum setback requirements are ten (10) feet and the maximum portion of a lot to be covered by buildings is not to exceed 20%. §§ 1260.06.024, 1260.06.025.
[2] Section 1260.13(2)(F)(2) of the Ordinance sets out the appropriate standard for a deviation or "dimensional variance."