209 A.2d 52.

ROBERT L. BERNSTEIN *et ux. vs.* ZONING BOARD OF REVIEW
OF THE CITY OF EAST PROVIDENCE.

APRIL 9, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is a petition for a writ of certiorari to review a decision of the respondent zoning board granting an exception from the zoning ordinance for the operation of a drugstore in a building to be erected on land located in a residential zone. The writ issued, and pursuant thereto the pertinent records have been certified to this court.

It appears therefrom that the tract under consideration comprises three lots on assessor's plat 58, namely, 2, 377, and 358. It abuts on the westerly side of Willett avenue for a distance of about 340 feet and extends westerly therefrom to a maximum depth of about 1200 feet. It appears further that the tract is zoned for commercial use to a depth of 160 feet along Willett avenue, the remainder thereof being zoned for residential uses. There is presently located on that portion of the tract zoned for residential uses a supermarket occupying a building erected thereon pursuant to an exception granted the owners in 1962. See *Olson* v. *Zoning Board of Review*, 96 R. I. 1, 188 A.2d 367.

The applicants now seek permission to erect on that portion of the tract zoned residential a building adjoining the supermarket wherein a drugstore will be operated by a corporation engaged in the operation of a chain of such establishments. They seek an exception under the provisions of sec. 32-20 (1) of the ordinance in its present form, which provides for "the location of a special permit use as listed in section 32-7 in any district." A supermarket is listed as such a special permit use, so called, in subparagraph B (2) of that section. The special exceptions for which provision is made in sec. 32-20 may be granted by the board of review "When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured * * *." In *Hazen* v. *Zoning Board of Review*, 90 R. I. 108, we held that findings with respect to

these matters constitute conditions precedent to the authority of the board to act affirmatively on an application for an exception.

The petitioners contend that the board erred in granting the instant exception in that it had made no findings as to the existence of these conditions precedent and, therefore, was without authority to act affirmatively on the application. The petitioners argue also that the board erred in that it has allowed "exception upon exception" to be applied to the same tract of land, and that to grant an exception to permit a use that is "new and different" from that permitted on the same tract under a prior exception is to act in excess of the jurisdiction of the board by purporting to amend the ordinance under the guise of granting an exception. See *Harte* v. *Zoning Board of Review,* 80 R. I. 43.

This latter contention, in our opinion, raises a question as to the authority of a board of review to make successive exceptions for the same use to the terms of an ordinance applied to the same tract of land. Contrary to petitioners' contention, the uses permitted by the successive exceptions here are not different, but each partakes of the character of a commercial use as classified by the ordinance in that it permits a retail store. It is to be conceded, however, that together they have the effect of increasing the quantum of the use being made thereof. The issue then is whether the board, having granted an exception permitting the first use, acted without or in excess of its jurisdiction in granting the instant exception permitting an obvious intensification of the use permitted under the prior exception.

The office of the exception in the regulation of land uses is such as to compel us to conclude that in the instant case the board, in purporting to grant the exception sought, acted in excess of its jurisdiction. We are of the opinion that the legislature did not intend that the exception was

to be generally available for the alleviation of use restrictions imposed upon specific tracts of land or as an alternate procedure to amend zoning ordinance use classifications. Rather, it was intended to provide boards of review with a procedure for the alleviation of restrictions on the use of land which, while not confiscatory, result in the imposition of use limitations that bear no reasonable relation to the objectives of the police power pursuant to which such restrictions were imposed. In short, the singular purpose of the exception is to protect the constitutionality of land use classifications in a zoning ordinance when the restrictions set out therein, as imposed upon a particular tract of land, bear no reasonable relation to the objectives of the police power.

While the provisions for granting variances from the terms of the zoning ordinance contemplate a use that is contrary to the terms of the ordinance, as we said in *Kraemer* v. *Zoning Board of Review*, 98 R. I. 328, 201 A.2d 643, "the exception contemplates a permitted use when under the terms of the ordinance the prescribed conditions therefor are met." See 2 Rathkopf, The Law of Zoning and Planning, chap. 54, §1. The exception then is a conditionally permitted use, and because of its constitutional implications we repeatedly have held that if used only in appropriate cases, its use will be infrequent. See *Harte* v. *Zoning Board of Review, supra.* We held also that the power to establish what exceptions will be available for said purposes is vested in the local legislature and cannot be delegated by it to a board of review. *Flynn* v. *Zoning Board of Review,* 77 R. I. 118.

No question is raised here concerning the delegation by the general assembly to the city or town council of the power to establish special exceptions in G. L. 1956, §45-24-13. The question here raised goes to the extent of the authority or jurisdiction of a board of review to make exceptions under the provisions of §45-24-19 b, which reads:

"To hear and decide special exceptions to the terms of the ordinance, upon which such board is authorized to pass under such ordinance." The jurisdiction then is limited clearly to making such exceptions as they are authorized to make by the terms of the ordinance.

The pertinent inquiry, therefore, is whether the city council, in enacting sec. 32-20 of the ordinance, could thereby authorize the board to make successive grants of exceptions as provided for therein applicable to the same tract of land; or, to state it otherwise, to authorize the board of review to permit by way of successive grants an intensification of such uses on a particular tract of land. We are of the opinion that it is beyond the power of the local legislature to empower a board to grant successive exceptions applicable to a particular piece of land in such circumstances.

We reiterate our statement that the legislature, in providing for special exceptions, intended to create a mechanism through which boards of review could, in an appropriate case, relieve a tract of land of use restrictions imposed under a use classification when the imposition thereof resulted from an exercise of the police power that was of questionable validity. We will not impute to the legislature an intention to authorize such boards to use the exception to discriminate against other landowners whose land has been similarly restricted. In our opinion the general assembly intended that the city council could by a declaration of legislative policy establish conditional uses deemed to be compatible with the appropriate use of surrounding properties when the prescribed conditions are met. In this manner the needs of the landowner may be adjusted to the interest of the public by making available a conditional use that in the circumstances may reasonably be related to the objectives of the police power.

In *Buckminster* v. *Zoning Board of Review*, 69 R. I. 396, this court noted the relevancy of the exception to problems

involving an unconstitutional restriction on the use of land in an ordinance which must be consistent with a comprehensive plan of zoning. At page 401 we said: "If the restrictions imposed by the ordinance are reasonable, an owner of land who is affected thereby in common with all others cannot complain. But, in the application of such a law, there may arise in individual cases need for an exception therefrom." The court, clearly recognizing the exception as a mechanism serving to protect the constitutionality of such use qualifications, went on to say: "The legislature therefore required * * * that every zoning ordinance shall provide for a board of review which may make special exceptions to the terms of the ordinance in harmony with its general purpose and intent. This mandatory requirement of the statute is in the nature of a safety valve which the legislature wisely provided in order that, in a proper case, the public interests and those of an owner of land might be fairly adjusted without undue disturbance to the general welfare."

The office of special exceptions being as we have thus stated, we find inescapable the conclusion that the legislature, in providing therefor, contemplated that they would be granted by a board of review only when the restrictions in effect on the use to be made of a tract of land were without reasonable relationship to the objectives of the police power. When such an unconstitutional restriction is corrected by a grant of an appropriate exception, there can no longer exist any reason for the grant of a successive exception permitting the same use and applying to the same land. To put it in the negative, we do not impute to the legislature an intent to permit an exception to be employed by a board of review for the purpose of permitting an intensification of a use conferred by way of the prior exception.

In brief, if the use restrictions on a tract of land can be reasonably related to the objectives of the police power as the result of the grant of an exception, then nothing exists

upon which a board may take further action by way of an exception. Certainly the question of whether such a conditionally permitted use can be intensified without being violative of the terms of the ordinance is not a matter upon which a board of review properly may pass. It is our opinion then that an action such as that taken in the instant case by the board of review is either pointless or it is in the nature of an attempt to prejudge the question of whether there may be an intensification of the permitted use by the grant of this exception without violating the terms of the ordinance. We cannot agree that the legislature intended to authorize a board of review thus to impress a pseudo validity upon the action of landowners intensifying such a conditionally permitted use.

In *Miriam Hospital* v. *Zoning Board of Review*, 67 R. I. 295, 301, this court said that such boards have a general jurisdiction "over the subject-matter of that application * * *." This language must be read in the light of the nature of the tribunal to which the court was referring and certainly was not intended to infer that such boards have an original jurisdiction. They are clearly special tribunals created by the legislature and vested with a jurisdiction of limited scope and purpose. The same legislation requires this court to exercise supervision over these boards pursuant to a writ of certiorari and imposes upon us the duty of confining them to the jurisdiction conferred. It is our opinion that the position we take here with respect to the limited jurisdiction of the zoning board to grant an exception is in no manner inconsistent with the view stated by the court in *Miriam Hospital* v. *Zoning Board of Review*, *supra*.

Whether a board of review has appellate jurisdiction under §45-24-19 a which would enable it to pass upon questions as to whether the actions of a landowner have unlawfully intensified a permitted use is a question upon which we do not pass. Neither do we pass upon the question of wheth-

er a board of review may by way of the grant of an exception permit a use in replacement of a use permitted under a prior exception. We are here deciding only that a board of review is without jurisdiction to grant successive exceptions for a use of the same character—in the instant case a retail store—on the same tract of land to which the prior grant applied.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

*Nathan E. Pass,* for petitioner.

*Clifford J. Cawley,* City Solicitor, *John L. Sousa,* Assistant City Solicitor, *Adelson & Chernick, Joseph E. Adelson, Melvin A. Chernick,* for respondent.