243 A.2d 92 (1968)
Elmer WARNER et ux.
v.
BOARD OF REVIEW OF the CITY OF NEWPORT.
Nos. 140-M.P.
Supreme Court of Rhode Island.
June 19, 1968.
*93 Macioci and Morrison, for petitioners.
James S. O'Brien, City Sol., Moore, Virgadamo, Boyle & Lynch, Newport, Francis J. Boyle, Newport, of counsel, amicus curiae, for respondent.

OPINION
ROBERTS, Chief Justice.
This petition for certiorari was brought to review the respondent zoning board's dismissal of the petitioners' application for a special exception permitting them to erect three connecting apartment buildings on land located in an R-40 district. The writ issued, and pursuant thereto the records in the case have been certified to this court.
It appears therefrom that the property under consideration, containing about 4½ acres, is located on the west side of Chastellux Avenue, Newport, and is designated as lot 3 on assessor's plat 42. The record discloses that these petitioners in 1952 had applied for and been granted an exception to convert to apartment use a large frame dwelling house then occupying the tract, specifically authorizing two apartments each on the first and third floors and seven separate rooms for rental on the second floor. Now they seek permission by way of a special exception for the erection on the tract of three connecting buildings, each of which is to contain 11 apartment units.
Several remonstrants filed motions to dismiss the application for various reasons and submitted memoranda of law supporting these reasons. On April 24, 1967, the respondent board dismissed the application "* * * on the ground that it would be *94 the granting of an exception on an exception, which is prohibited by a previous decision rendered by the Supreme Court in the Bernstein case."
Thus, in holding that it was without authority to grant the instant exception, the board relied upon the decision of this court in Bernstein v. Zoning Board of Review, 99 R.I. 494, 209 A.2d 52. We cannot agree with the board's conclusion that the decision in Bernstein was, in effect, an absolute ban upon the granting of successive exceptions. In Bernstein an exception had been granted permitting the erection of a supermarket on an extensive tract of land located in East Providence. Subsequently, another application for an exception was filed, seeking permission to erect a building as an addition to the supermarket wherein a drugstore would be operated.
The board of review granted the second application for an exception, and on appeal from that decision to this court we noted that the question raised went to the authority of the board of review to make successive exceptions to the terms of the ordinance for the same use on the same tract of land. We pointed out in that case that each of the uses sought, namely, the supermarket and the drugstore, partook of the character of a commercial use as classified by the ordinance in that each permitted the operation of a retail store. We went on to say then, 99 R.I. 496, 209 A.2d 53: "It is to be conceded, however, that together they have the effect of increasing the quantum of the use being made thereof. The issue then is whether the board, having granted an exception permitting the first use, acted without or in excess of its jurisdiction in granting the instant exception permitting an obvious intensification of the use permitted under the prior exception."
We are persuaded now, however, after mature reflection that the language used in Bernstein, above quoted, is in some measure ambiguous. The decision in Bernstein was intended to point out that in some circumstances the grant of a conditionally permitted use by way of special exception conferred upon the owner of the land a right reasonably to expand and intensify that use so long as such expansion or intensification was not contrary to the provisions of the zoning ordinance and was not inconsistent with the objectives of the police power. We intended there to make clear that a board of review was without authority to grant a subsequent exception applying to the same land where the use sought was of the same character as that already permitted under the terms of the prior exception and had the effect of merely intensifying that use.
In Hopf v. Board of Review, 102 R.I. 275, 230 A.2d 420, we sought to clarify the language used in the Bernstein case by noting that it stood only for the rule that once an unconditional use is granted by way of exception to a specific tract of land, a board of review is without jurisdiction to grant another exception for a use of the same character thereon. We then at 102 R.I. 282, 230 A.2d 425, went on to state: "The reason for this rule is obvious  if land is advantaged with an unconditional use of a particular character resulting from a prior grant, the landowner is not required to seek another special exception for a use of the same character; he has the right to such use, subject only to other provisions of the ordinance and the building code."
We are now persuaded that the meaning of the rule stated in Bernstein should be clarified and that the thrust of its application should be more precisely defined. To this end we now hold that the authority of a board of review to grant successive exceptions applying to the same land will depend upon whether the use sought by way of the subsequent exception partakes of the character of the use granted in the prior exception, and if it is such a similar use, whether, if granted, it would result in more than an insubstantial intensification of that use. Where the use is of the same character as that granted in the prior exception but would not substantially intensify that use, we hold that a board is *95 without authority to grant another exception therefor. This for the reason that the owner of the land, by virtue of the first exception, has become entitled as of right to make such a use of the land and retains that right so long as that use is not so intensified as to become contrary to the public interests which justify the exercise of the police power.
However, where the subsequent application seeks a use that does not partake of the character of the use granted by way of the prior exception, or if the use sought is of the same character as that granted by the prior exception, but a grant thereof would result in a substantial intensification of the prior use, the owner may not make such a use of the land as of right. Rather, he must proceed to obtain a special exception therefor in accordance with the provisions of the enabling act and the ordinance. In these latter situations the board has jurisdiction to grant an exception upon a showing of compliance with the conditions prerequisite to a grant of such use as prescribed in the ordinance.
Amicus curiae argues vigorously that the board properly interpreted Bernstein as precluding the granting of a successive exception that contemplates a use different from that permitted by the exception first granted. In so arguing, amicus expressly concedes that the use sought in the instant exception is different from that granted by the prior exception. In its brief, amicus expressly states that the issue here is whether "* * * a board of review which has once granted a specific exception for a particular use may thereafter grant another application for a specific exception for a different use." In short, is a board of review without jurisdiction to grant successive exceptions where they would result in permitting a combination of uses?
In support of this argument amicus dwells at some length on several cases in which this court has stated the nature of the exception and noted that it is a device through which the conflicting interests of the landowner and the public may be adjusted. In these cases we have directed attention to the function of the exception, that is, that it provides a device for validating the restrictions imposed upon land by the terms of a zoning ordinance, which, if such adjustment were not made, would constitute an invalid exercise of the police power because it could not be related reasonably to the public interests, upon which exercises of the police power rest.
Reference is directly made to our statement in Center Realty Corp. v. Zoning Board of Review, 96 R.I. 76, 80, 189 A.2d 347, 350, "This court has recognized that the function of special exceptions is to alleviate the burden of use restrictions on land that cannot be related reasonably to the public interest" and also to Buckminster v. Zoning Board of Review, 69 R.I. 396, 401, 33 A.2d 199, 202, wherein this court, in referring to the provisions of the enabling act authorizing special exceptions, said: "This mandatory requirement of the statute is in the nature of a safety valve which the legislature wisely provided in order that, in a proper case, the public interests and those of an owner of land might be fairly adjusted without undue disturbance to the general welfare." From such statements of this court, amicus concludes that the legislature contemplated but one such adjustment of the interests of the owner and the public.
This is to argue then, as we understand it, that once the conflicting interests of the public and the landowner have been adjusted through the grant of an exception, any constitutional objection to the restriction imposed upon the land by the terms of the ordinance is set at rest and that the board of review has exhausted its jurisdiction to make any further or supplementary adjustment of such interests where the same tract of land is in question.
This argument, however, overlooks the continuing nature of the restrictions imposed upon the use of land by a zoning ordinance, even when such restrictions have *96 been changed pursuant to the terms of an exception granted. With the passing of time and change of conditions, it may become again impossible to relate reasonably such restrictions to the objectives of the police power under which they were imposed. In such circumstances it can hardly be argued reasonably that a landowner may be denied the right to object to the exercise of the police power that has restricted his land as an invalid exercise thereof and to require that his interests and those of the public again be adjusted by way of an exception. This is so even though the exception sought is for a use other than that permitted under the terms of a prior exception. We are constrained then to view this contention of amicus as being without merit.
In our opinion, the board in the instant case, in passing on the question of its own jurisdiction, should have determined whether the exception sought in 1967, seeking permission to erect three buildings containing 33 apartments, partakes of the character of the use granted by way of exception in 1952, that is, the conversion of a one-family dwelling into 11 rental units. The record is clear that the board did not apply this test but held that it was without jurisdiction on the basis of its interpretation of Bernstein. In these circumstances it is appropriate for this court to apply the pertinent test on the basis of the record that has been certified to us pursuant to the writ.
It is our opinion that the use sought in 1967, that is, the erection of three buildings containing 33 new apartments, is different and does not partake of the basic character of the use that was granted in 1952, that is, permission to convert a one-family dwelling into 11 rental units. We base this conclusion on an examination of the pertinent provisions of the ordinance, directing attention first to sec. 78-11 (a) (1), pursuant to which the exception sought in 1952 was granted. This section provides for the granting of exceptions for "Conversion of One or Two Family Dwellings." Subsection (a) thereof provides that in an R-40 district, conversion of a one- or two-family dwelling "* * * up to twelve apartments may be allowed, provided that the parcel of land shall contain a minimum of 2,500 square feet of land, excluding all land covered by buildings, for each apartment unit." The use granted in 1952 permitted the conversion of an existing dwelling house into rental units subject to a rather substantial provision respecting the area required for each dwelling unit.
On the other hand, the instant application was made pursuant to sec. 78-11 (a) (6), which provides for the grant of permission to erect "Apartment houses." The section then provides, "Apartment Houses of new construction are conditioned as follows * * *." It then provides that in an R-40 district a building shall be limited to a height of eight stories or 100 feet; for minimum floor areas per dwelling unit; for a minimum of 1,500 square feet of land for each family to be housed on the parcel; and for at least one parking space for each family to be housed in the building. It is clear that the city council, in enacting this section of the ordinance, was contemplating a use of the land entirely different from that which it contemplated in sec. 78-11 (a) (1), and we are persuaded from an examination of the ordinance that the use sought in the instant application, while relating to the establishment of dwelling units of the apartment type, is essentially different.
Because we conclude that the use now sought differs from that granted in 1952, it is not necessary to consider the question of intensification of that use. We further hold that the board should have heard and determined the application.
The petition for certiorari is granted, the decision of the board dismissing the application is quashed, and the cause is remanded to the respondent board to be heard and determined on the merits of the application.