DECISION
This matter comes before the court on plaintiff's appeal of a decision by the Newport Zoning Board of Review (Board). The plaintiff appealed to the Board after the zoning enforcement officer failed to respond to plaintiff's request for a zoning certificate pursuant to § 45-24-54 of the Rhode Island General Laws and § 17.112.010 of the Newport Zoning Ordinance (Ordinance).
The subject property is located on Lot 104 on Newport Tax Assessor's Plat 21. The owner, plaintiff, Turner Scott, requested a zoning certificate in order to determine whether he could make proposed changes to the building on this property without zoning board approval. The zoning officer did not respond to Mr. Scott's request within the statutorily required 15 day period. Section 45-24-54 provides:
 "In order to provide guidance or clarification the zoning enforcement officer or agency shall, upon written request, issue a zoning certificate or provide information to the requesting party as to the determination by the official or agency within fifteen (15) days of the written request. In the event that no written response is provided within that time, the requesting party has the right to appeal to the zoning board of review for a determination." (Emphasis added.)
The basis for plaintiff's request was his proposal to make two changes to his building. This building, while located in an R-3 zone, enjoys a professional office use which was granted by special exception in 1973. Mr. Scott now seeks to modify that special use. As Mr. Scott points out in his memorandum, because the professional office use was originally granted by special exception, whether the proposed changes are allowed depends on the extent to which the zoning laws allow said special exception to be modified or expanded.
After hearing arguments on July 26, 1999, the zoning board voted to deny plaintiff's appeal.
The board members were gravely concerned that plaintiff's proposed changes would constitute a substantial intensification of a prior use. See transcript, 29-31. It is this vote from which plaintiff now appeals.
Section 45-25-69(D) of the Rhode Island General Laws provides specific guidelines to be followed by the court when reviewing decisions of a zoning board:
 "(D) The Superior Court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) in violation of constitutional, statutory or ordinance provisions;
 (2) in excess of the authority granted to the zoning board by statute or ordinance;
 (3) made upon unlawful procedure;
 (4) affected by other error of law;
 (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 (1991 Reenactment).
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the board if he or she conscientiously finds that the decision was supported by substantial evidence. Apostolou v. Genovesi, 388 A.2d 821 (1978). "Substantial evidence in this context means such relevant evidence that a reasonable mind might accept as adequate to support the conclusion and means an amount more than a scintilla but less than a preponderance."
Caswell v. George Sherman sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981). This standard refers to the reasonableness of the action of the zoning board on the basis of the evidence before it.
United States v. Bianchi Co., 373 U.S. 709, 715, 83 S.Ct. 1409, 1414 (1963). On appeal, the Superior Court must not abdicate its traditional function but rather it must scrutinize the record as a whole to determine whether competent evidence exists to support the tribunal's findings. New England Naturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994).
The plaintiff specifically seeks permission to enclose a porch and move a set of outside stairs and a Bilco door in order to provide the office building with an additional two parking spaces and some storage area. The Board declined to grant this permission claiming that said modifications would result in a substantial intensification of a prior use. Decision 27-31.
The plaintiff presently uses the subject building primarily as a law firm, pursuant to a special exception granted in 1973. With respect to special exceptions, it is well-settled that the landowner "by virtue of the first exception, has become entitled as of right to make such a use of the land and retains that right so long as that use is not so intensified as to become contrary to the public interests . . . . " Warner v. Board of Review of City of Newport, 104 R.I. 207, 211,243 A.2d 92, 95 (1968). Thus, only when the landowner subsequently seeks a use that does not partake "of the character of the use granted in the prior exception, and if it is such a similar use . . . it would result in more than an insubstantial intensification of that use" would the applicant need to seek a successive special exception.
Id. Even a nonconforming use of land "is not likely to remain static." Kenneth H. Young, Anderson's American Law of Zoning § 6.50 (4th ed. 1995). Thus, as here with a conditionally permitted use, "a mere intensification of a non-conforming use is permissible so long as the nature of the use is not substantially changed . . . . " Id. (quoting Phillips v. Zoning Comr. of Howard County, 225 Md. 102, 169 A.2d 410 (1961)).
Having reviewed the entire record, including the transcripts and memoranda from both parties this Court does not find substantial evidence to support the Board's decision. At the hearing, Mr.Scott testified that the "professional business space" use of the law firm would remain the same (Tr. at 10).
Mr. Scott further explained that he thought the changes would not intensify the current use of the building because, "we're not going to hire any more lawyers. We're not going to hire any more staff. . . . We need extra space for storage of goods and cases that we need to have on site rather than have them off-site." (Tr. at 10.) Additionally, Mr. Scott indicated that no square footage would be added to the building footprint (Tr. at 13). Unlike the substantial intensification found in Warner, which involved a request to erect 3 connecting apartment buildings to a one-family dwelling already converted into 11 rental units, the use of the subject building would not be substantially intensified. Here the enclosing of the 350 foot existing porch, in addition to the movement of a set of outside stairs and a Bilco door, did not enlarge the footprint. A similar enclosure of a porch on an existing non-conforming inn was found to constitute no more than a permissible intensification of the use of the property in Helfrich v. Mongelli,248 Md. 498, 237 A.2d 454 (1968) quoted in County Comm'rs v. Zent,587 A.2d 1205, 1210 (Md. App. 1991). Accordingly, the record does not demonstrate that the proposed use of the building would be substantially intensified.
With respect to parking, the utilization of the 350 square foot enclosed porch for office and storage space requires one new parking space. As the "original special exception for office/professional use required four" spaces (Tr. at 14), one additional space would not constitute a substantial intensification of said relief which permitted stacked parking (Tr. at 22). Mr. Scott further opined that the room for potentially two, additional parking spaces would ease the parking situation on the surrounding streets. "I can only think it's going to make it better." (Tr. at 11.) See also State v. Szymanski,24 Conn. Sup. 221, 189 A.2d 514 (1962) (an increase in parked cars in a non-conforming used-car business constitutes a permissible mere intensification of that use). The record reflects that here the creation of a double driveway permitting potentially 2 to 3 additional parking spaces, in excess of the one required space, would create greater maneuverability than the present parking configuration with respect to the parking requirements of Sec. 17.104.040 of the Ordinance. Accordingly, the record does not demonstrate that the intensification of the use would be contrary to the public interest. See Warner, 104 R.I. at 211, 243 A.2d at 95.
There is not reliable, probative, and substantial evidence in the record to support a finding that these changes will substantially intensify the present office use or be contrary to the public interest.
Therefore, the decision was clearly erroneous. Substantial rights of the plaintiff have been prejudiced.
Consequently, the decision is reversed.
Counsel shall submit the appropriate judgment for entry.