[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Alan Drouin and Samuel Sisisky,[1] appeal from the decision of the defendant,[2] the planning and zoning commission of the town of Stonington (the commission), denying the applicants' application for site plan approval for the property known as the Old Mystic Yacht Club and Marina located on Whitehall Avenue, Old Mystic, Connecticut.
The record reveals the following facts. The Old Mystic Yacht Club and Marina (the property) operates under a special use permit which was granted in 1962. On August 16, 1999, the applicants submitted an application to modify the property's site plan. The commission voted unanimously to deny the application. The applicants now appeal this decision.
"Courts are not to substitute their judgment for that of the [commission] . . . and decisions of local [commissions] will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206,658 A.2d 559 (1995). "The Superior Court's scope of review is limited to determining only whether the [commission's] actions were unreasonable, arbitrary or illegal." RR Pool Patio, Inc. v. Zoning Board ofAppeals, 257 Conn. 456, 470, 778 A.2d 61 (2001). "The burden of proof to demonstrate that the [commission] acted improperly is upon the party seeking to overturn the [commission's] decision." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals, 228 Conn. 785, 791,639 A.2d 519 (1994).
"When a zoning agency has stated its reasons for its actions, a court should not reach beyond those stated purposes to search the record for other reasons supporting the commission's decision . . . Rather, the CT Page 2625 court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." (Citation omitted; internal quotation marks omitted.)Harris v. Zoning Commission, 259 Conn. 402, 420, 788 A.2d 1239 (2002). "The [decision] must be sustained if even one of the stated reasons is sufficient to support it . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action." (Internal quotation marks omitted.) Bloom v. Zoning Board ofAppeals, supra, 233 Conn. 208.
In the present case, the commission's stated reason for denying the site plan application was that the applicants "need to submit an application for a modification to the special use permit."
The 1962 special use permit allowed for the construction of a three-story "club house," a two-story "restaurant," a "dockmaster's building" and a single story "showroom." In 1995, a site plan modification application was granted for the property which moved the two-story restaurant into the "yacht club" building and turned the restaurant building into an "accessory use building." The 1995 site plan survey also indicated that the "marina commercial" building encroached onto an adjacent lot located to the south of the property. Yachting facilities are not a permitted use on the adjacent lot.
The application submitted in 1999 proposed to modify the 1962 site plan by expanding the parking lot, changing the "accessory use building" into a restaurant and building a bathhouse, tennis court and pool on the adjacent lot. The commission denied the 1999 site plan application on the basis that it expanded the use originally granted in the 1962 special use permit. Specifically, the commission decided that the applicants were required "to submit an application for a modification to the special use permit." The applicants appeal this decision on the basis that the commission acted unreasonably, arbitrarily and illegally in coming to its conclusion.
The applicants contend that the restaurant is a permitted use pursuant to the 1962 special use permit which runs with the land and cannot expire or be revoked. The 1962 special use permit authorized, in part, the construction of a two-story restaurant and a yacht club. The 1995 site plan modification converted the yacht club into a restaurant. The applicants argue the 1995 club house conversion has no effect upon the right to construct a two-story restaurant on the premises in accordance with the special use permit granted in 1962. The applicants further argue that the adjacent lot has been incorporated into the original site plan CT Page 2626 of 1962 and, therefore, is subject to the special use permit issued for the property.
The commission refutes the applicants' arguments and contends that the building of a second restaurant and facilities on the adjacent lot is not allowed as of right under the 1962 special use permit and, therefore, constitutes an expansion which requires the submission of a special use permit application pursuant to Stonington Zoning Regulations § 6.1.3.
When an owner of property which is subject to a special use permit wants to substantially increase the use that was granted under the original special use permit, the owner must obtain an additional or amended special use permit under the zoning regulations. Carlson v.Planning Zoning Commission, 1 C.S.C.R. 715, 716 (1986, O'Connell, J.). With respect to determining whether there has been an intensification of use, the court, in Carlson, adopted the view of a Rhode Island Supreme Court case, Warner v. Board of Review of the City ofNewport, 104 R.I. 207, 243 A.2d 92 (1968). The Warner case outlined a two-pronged factual determination: (1) whether the new use is of the same character as the one allowed by the special use permit; and (2) whether it would substantially increase the previously allowed use. Warner v.Board of Review of the City of Newport, supra, 243 A.2d 94-95.
The issue before the court is whether substantial evidence in the record supports the commission's finding of an expansion in the uses allowed. The following evidence found in the record supports the commission's decision that the 1999 site plan modification application is an expansion of a use requiring an application for the modification to the special use permit. In 1962, the property, which was located in a residential zone, was developed as a yachting facility pursuant to a special use permit.
At issue in the present appeal is Stonington Zoning Regulations § 6.1.3 which provides: "[a]ny expansion of a use listed in these Regulations as a Special Use Permit shall submit an application for the new portion." A special use permit is required when constructing a yachting facility on land zoned as residential and is, therefore, subject to the above regulation. Although the applicants submitted evidence in support of their application, the commission relied upon letters submitted by the zoning enforcement officer and the conservation commission. These letters all stated that the proposed site plan modification called for an expansion of uses previously granted under the 1962 special use permit. Specifically, the letter from the conservation commission stated, "[t]he work proposed in this request for site plan modification is more consistent with an expansion . . ."; (ROR, Exhibit CT Page 2627 9); and the letter from the zoning enforcement officer provided, "[t]he 1999 Site Plan proposes expansion onto [the adjacent lot] which constitutes an expansion which requires a Special Use Permit Application as per Zoning Regulation 6.1.3." The 1962 site plan indicates that the only permitted uses allowed were the construction of a three-story "club house," a two-story "restaurant," a "dockmaster's building" and a single-story "showroom." The 1962 site plan permitted the construction of only one restaurant. Furthermore, the 1962 site plan did not include the adjacent lot. The 1999 site plan proposes to make extensive use of the adjacent lot, as well as to expand the existing parking available, increase the square footage of numerous buildings and convert the use of one building into a second restaurant.
The court finds that the record supports the commission's finding of an expansion of the uses previously granted by the 1962 special use permit. See Amoco Oil v. Zoning Board of Appeals, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 93 300824 (October 19, 1993, Fuller, J.) (10 Conn.L.Rptr. 199) (holding that a change from a self-service gasoline station into a convenience store and gasoline station constituted an expansion requiring additional zoning approval).
The applicants also contend that the commission was predisposed to deny the application for site plan modification claiming statements made at earlier commission meetings suggested great bias among the members of the commission against the property.
"Neutrality and impartiality of members are essential to the fair and proper operation of a planning and zoning commission." Cioffoletti v.Planning Zoning Commission, 209 Conn. 544, 553-54, 552 A.2d 796
(1989), overruled on other grounds, Stafford Higgins Industries, Inc. v.Norwalk, 245 Conn. 551, 715 A.2d 46 (1998). "There is a presumption . . . that administrative board members acting in an adjudicative capacity are not biased . . . To overcome the presumption, the plaintiff . . . must demonstrate actual bias, rather than mere potential bias, of the board members challenged, unless the circumstances indicate a probability of such bias too high to be constitutionally tolerable . . . The plaintiff has the burden of establishing a disqualifying interest." (Citations omitted; internal quotation marks omitted.) OG Industries,Inc. v. Planning Zoning Commission, 232 Conn. 419, 429-30,655 A.2d 1121 (1995). "The decisive question . . . [is] whether . . . [the commission] actually had made up their minds prior to the public hearing . . ." Cioffoletti v. Planning Zoning Commission, supra, 555.
In the present case, the commission held a special town meeting for the CT Page 2628 sole purpose of allowing the applicants to present evidence and answer questions pertaining to the 1999 site plan modification application. The record does not reveal any impropriety on the part of the members of the commission, nor have the applicants substantiated their claim with any evidence.
The applicants further argue that their right to due process was violated by the commission. Specifically, they contend that the commission erred by not permitting Sisisky to testify on at least four occasions, which, they argue, was a violation of their right to have a full and fair hearing. The commission asserts that the applicants were not entitled to a full public hearing on their application to modify their site plan and, therefore, their due process rights were not violated.
"Hearings before administrative agencies . . . although informal and conducted without regard to the strict rules of evidence, must be conducted so as not to violate the fundamental rules of natural justice . . . Due process of law requires not only that there be due notice of the hearing but that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." (Internal quotation marks omitted.) Giaimo v. NewHaven, 257 Conn. 481, 512-13, 778 A.2d 33 (2001).
In the present case, a special town meeting was held specifically for the applicants where they were allowed to present evidence and answer any questions that the commission had about the 1999 site plan application. The applicants were dissatisfied because they wanted to present Sisisky's testimony in an effort to "clarify" the commission's interpretation of the 1962 special use permit and subsequent site plan modification. The commission, however, was already in receipt of the 1962 site plan application and all applicable surveyor maps and decided additional testimony was not necessary.
The applicants were not deprived of their right to cross-examine or to offer rebuttal evidence. Dissatisfaction with the outcome of the commission's determination is not a basis to raise a violation of one's right to due process. There is no evidence in this record to demonstrate that the commission deprived the applicants of their right to due process.
The commission's decision to deny the site plan application on the ground that the proposed use was an expansion of an existing use was not unreasonable, arbitrary or illegal. Rather, it was reasonably supported CT Page 2629 by substantial evidence in the record. As to the applicants' other grounds, they fail to be supported by the evidence. Accordingly, the appeal is dismissed.
Seymour L. Hendel, JTR