DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review for the City of Providence (Zoning Board) brought by 842 Elmwood Avenue, LLC (Owner) and Franklin Autogroup Sales Providence, LLC (Applicant) (collectively, the Appellants). The Zoning Board denied the Appellants permission to construct a 1250 square foot showroom onto the previously existing automobile sale facility and operate a retail automobile dealership on the subject property. Jurisdiction is pursuant to G.L. 1956 §45-24-69.
 FACTS AND TRAVEL
The subject property is located in a general commercial C-2 zone at 842 Elmwood Avenue, Providence, Rhode Island, and described as Lot No. 5 on Tax Assessor's Plat No. 60. SeeApplication for a Special Use Permit (Application). The property is listed on record, dating back to 1939, as a four-family house. Hearing Transcript (Tr.) at 121. However, a used auto sales facility has existed on the property since 1982. Id. The Owner purchased the subject property in August 2003, intending to move its existing car dealership from Coventry to this site. Tr. at 122.
On August 14, 2003, the Applicant submitted an application to the Providence Zoning Board of Review for relief from Section 303-use code 59 and Section 902.4 of the Zoning Ordinance of the City of Providence (the Ordinance). See Application.
Specifically, it sought a special use permit to construct a one-story, 1250 square-foot addition onto the existing automobile sales facility. Id. at 1. In a C-2 zoning district, pursuant to section 59 of the use code, retail automotive sales are permitted only by a special use permit. See Section 303, use code 59, of the Ordinance. Additionally, the Dealer Committee requires the building on the subject property to be at least 2500 square feet for the Appellants to transfer an automotive license to the new site. Tr. at 122. The existing building is a 1562 square foot, three-bay garage to which the Appellants propose to add 1250 square feet of building, for a gross floor area of 2812 square feet. See Application at 1; Id. at 122. The proposed addition would contain a showroom with a maximum capacity of two automobiles or, as an alternative use, it would contain some offices. Id. at 121.
On February 10, 2004, the matter was heard at a duly advertised hearing before the Zoning Board. At the hearing, Mike Duckett (Duckett) testified on behalf of the Appellants. Id. at 122. He testified that he believed that the proposed addition would have a positive impact on the neighborhood. Id. at 123. Duckett further testified that the Appellants shared a positive relationship with the neighbors because trash and junk had been removed from the site. Id. at 124. He then testified that there are, "similar uses surrounding the area," including, "tire sales right next door, Frank's Auto Top diagonally across from the site, [a] car and truck wash across the street, and a . . . Herb Chambers Cadillac in back of [the site]." Tr. at 124-25.
During the hearing, Providence City Councilman Miguel C. Luna objected to the application because he wanted the area to be developed for an office building. Id. at 126. As a neighbor to the subject property, he stated:
 "I'm against it, because we have so many car dealerships in my ward and businesses that deal with cars. . . . There has to be a way we can build up the neighborhood with not just adding more to what we already have. . . . I strongly object to this proposal." Id.
Based on the testimony and evidence before it, the Zoning Board issued a decision on May 26, 2004, denying the Appellants' application. See Decision of the Zoning Board dated May 26, 2004 (Decision). The Zoning Board made the following findings of facts: 1) the Department of Planning and Development recommended that the Board deny the application; 2) there was no evidence indicating that the request would not substantially injure the use and enjoyment of neighboring property nor significantly devalue same; and 3) there was a lack of evidence establishing that the permit would not be detrimental or injurious to the general health or welfare of the community.Decision at 2. Furthermore, the Zoning Board found in its decision:
 "There are more than enough legally existing retail automotive businesses in the area, and if the Board were to approve this request the neighborhood would realize a change in the development of this area from general commercial to heavy commercial usage." Id.
Appellants filed this timely appeal to this Court with proper notice.
 STANDARD OF REVIEW
The Superior Court's review of a zoning board decision is governed by § 45-25-69(d). Section 45-24-69(d) provides:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellants have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 1. In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 2. In excess of the authority granted to the zoning board of review by statute or ordinance;
 3. Made upon unlawful procedure;
 4. Affected by other error of law
 5. Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 6. Arbitrary or capricious of characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, the trial justice "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings."DeStefano v. Zoning Board of Review of Warwick, 122 R.I. 241,245, 405 A.2d 1167, 1170 (1979). The term "substantial evidence" has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance."Lischio v. Zoning Bd. of Review of North Kingstown,818 A.2d 685, 690 (R.I. 2003) (quoting Caswell v. George Sherman Sand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)). "[T]he Superior Court does not consider the credibility of witnesses, weigh the evidence, or make its own findings of fact." Munroe v.Town of East Greenwich, 733 A.2d 703, 705 (R.I. 1999). Instead, "[i]t's review is confined to a search of the record to ascertain whether the board's decision rests upon `competent evidence' or is affected by an error of law." Id. (quoting Kirby v.Planning Board of Review of Middletown, 634 A.2d 285, 290 (R.I. 1993)).
 THE PRELIMINARY ISSUE OF NONCONFORMANCE
Appellants contend that sufficient evidence was presented to demonstrate each of the necessary elements for issuance of a special use permit. Further, Appellants argue that they also presented sufficient evidence, which the Board acknowledged in its decision, establishing that the legal existing use of the property was a retail automobile sales facility. Therefore, Appellants argue, it can be inferred that a finding was made that the use was set forth in the ordinance, the use complies with any conditions set forth therein, the use is not substantially injurious to surrounding properties, and the use is not injurious or detrimental to public health, safety, and welfare.
Alternatively, in its decision, the Board found that Appellants failed to demonstrate the elements required to obtain a special use permit. The Zoning Board made the following findings:
 "1. The Board finds that it has jurisdiction to consider this matter pursuant to Sections 303-use code 59 and 902.4 of the Zoning Ordinance.
 2. The Board finds that the Department of Planning and Development objected to the granting of this request for a special use permit.
 3. There was no evidence presented at the Board's February 10, 2004, public hearing on this application which indicated that the granting of this request would not substantially injure the use and enjoyment of nor significantly devalue neighboring property.
 4. There was no evidence presented to the Board, which established that the granting of the request would not be detrimental or injurious to the general health or welfare of the community.
 5. The Applicant did not present any expert testimony that refuted the Board's findings one through four above, therefore, the Board utilized its own expert knowledge in these matters and determined that the request would result in excessive usage of the Property.
 Further, there are more than enough legally existing retail automotive businesses in the area, and if the Board were to approve this request the neighborhood would realize a change in the development of this area from general commercial to heavy commercial usage." Decision at 2.
A conditionally permitted use is a use that can be undertaken by the grant of a special exception. See Bamber v. Zoning Bd.of Review, 591 A.2d 1220, 1223 (R.I. 1991) (citing NortheasternCorp. v. Zoning Bd. of Review, 534 A.2d 603 (R.I. 1987)). A conditionally permitted use is distinguishable from a permitted use or a legal nonconforming use. See Northeastern Corp.,534 A.2d 603 at 604), Use code 59 of the Ordinance prohibits the functioning of a "Retail Trade-Automotive" use without a special use permit on the subject property, which is zoned as a C-2 general commercial. See Section 303 use code 59 of the Ordinance. As such, the original use of the subject property as an auto sales establishment was a nonconforming use, which is defined as, "a building, structure, or parcel of land, or use thereof, which does not conform to the use or dimensional regulations set forth in [the Ordinance], but lawfully exists as provided herein." See Section 902.4 of the Ordinance. Thus, the nonconforming use at issue is the use of the subject property for an auto sales establishment as opposed to a four-family house, as it is listed on record.
"Generally, `the right to continue a nonconforming use does not . . . include the right to expand or intensify that use.'" Townof Richmond v. Wawaloam Reservation, Inc., 850 A.2d 9254, 934 (R.I. 2004) (quoting Town of West Greenwich v. A. Cardi RealtyAssocs., 786 A.2d 354, 362 (R.I. 2001)). The Ordinance expressly prohibits adding a non-conforming structure to an already existing nonconformance:
 "A building or structure containing a nonconforming use shall not be added to or enlarged in any manner, include any addition or enlargement of floor area or volume, unless the use contained within such a building or structure, including such addition and enlargement, is made to conform to the use regulations of the zone in which it is located." Section 201.5 of the Ordinance.
Section 201.5 of the Zoning Ordinance clearly prohibits the addition of a nonconforming structure to an existing nonconformance, regardless of Appellants' satisfaction of, or failure to satisfy, the elements required for obtaining a special use permit, as enumerated in § 902.4 of the Zoning Ordinance. See Sections 201.5 and 902.4 of the Ordinance.
However, had the Appellants proposed to expand or add to a structure existing by special exception, they would require a special use permit pursuant to § 200 of the Ordinance. Said section provides in pertinent part:
 "Any use that does not conform to or any dimensional variation which exists by virtue of a special permit (including special exceptions) . . . granted by the Board shall not be considered a nonconformance for the purposes of this Section. . . . Any moving, addition, enlargement, expansion, intensification or change of such use to any other use other than the permitted use shall require an application for a special use permit . . . from the Board." See Section 200 of the Ordinance.
As Appellants did not establish that the present nonconforming use of the property existed by virtue of a special use permit, the Board acted in excess of its jurisdiction in applying the special use criteria to the Appellants' request for expansion. Had a special use permit been granted in 1982, Appellants could have applied for a special use permit to construct the proposed addition. See Section 201.5 of the Ordinance; Warner v. Boardof Review of City of Newport, 104 R.I. 207, 211, 243 A.2d 92, 94
(1968) (holding board's authority to grant successive exceptions applying to same land depended upon whether use sought by way of subsequent exception partook of character of the use granted in prior exception). However, here the obtainment of a second special use permit would, nonetheless, have been required to construct the addition because Appellant's proposed addition constitutes a substantial "intensification" of the existing automobile retail establishment. Id.
In the instant matter, Appellants proposed to construct a nonconforming addition to a nonconforming building. The Zoning Ordinance does not permit Appellants to seek a special use permit in this instance. For this reason, the Board's consideration of the special use permit was in violation of ordinance provisions and in excess of its jurisdiction.
Here, the Zoning Board denied Appellant's application for a special use permit based on the merits of the case, which included a negative recommendation from the Department of Planning and Development and a lack of sufficient evidence required to satisfy the necessary elements of a special use permit. The Board did not find that the Appellant's proposed addition would be an attribute to the neighborhood or a benefit to the public. Decision at 2.
However, it is well settled that a correct judgment may be sustained, "even if it was reached through faulty reasoning or mistake of law." Mesolella v. City of Providence,439 A.2d 1370, 1373 (R.I. 1982) (affirming trial justice's decision that re-zoning amendment passed by City Council was invalid, but basing decision on different grounds). In the instant matter, § 201.5 of the Ordinance expressly prohibits adding a nonconforming structure to an existing nonconformance, regardless of the structure's impact on the neighborhood. See Section 201.5 of the Ordinance. Accordingly, the Zoning Board's denial of the requested relief was not in violation of ordinance provisions. Appellants' substantial rights were not prejudiced.
 COUNCILMAN LUNA
Appellants next assert that the Board's reliance on Councilman Luna's testimony was an procedurally unlawful. Specifically, Appellants contend that personal preferences of a councilman who lacked standing are insufficient to deny the application for a special use permit. Accordingly, the Appellants note that Mr. Luna's testimony was the only substantive fact upon which the decision is based. Appellants note that, "a zoning board of review . . . may not deny granting a special [use permit for] a permitted use on the ground that the applicant has failed to prove that there is a community need for its establishment."Toohey v. Kilday, 415 A.2d 732, 734 (R.I. 1980). Furthermore, Appellants contend that Councilman Luna had no standing to testify because he was not an aggrieved party and did not demonstrate any impact that the proposal would have on his property.
The Zoning Enabling Act defines an aggrieved party as, "any person or persons . . . who can demonstrate that their property will be injured by a decision of any officer or agency responsible for administering the zoning ordinance of a city or town." G.L. 1956 § 45-31-4. As noted above, however, the Board acted in excess of its authority in considering the elements of a special use permit; thus, whether or not Mr. Luna was an aggrieved party, the Board's reliance on Mr. Luna's testimony did not substantially prejudice the rights of the Appellants.
 CONCLUSION
After review of the entire record, this Court finds that the decision of the Zoning Board was not clearly erroneous. Substantial rights of the Appellants have not been prejudiced. Accordingly, the May 26, 2004 decision of the Zoning Board is hereby affirmed. Council shall submit the appropriate judgment for entry.